**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Batelle Memorial Institute,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-306**
**Judge James L. Graham**
**Magistrate Judge Kimberly A. Jolson**

**theITSupportCenter, LLC,**

**Defendant.**

**OPINION & ORDER**

Before the Court is Plaintiff Battelle Memorial Institute's ("Battelle") Amended Motion for Attorneys' Fees (Doc. 84) and Motion to Seal (Doc. 86). For the following reasons, the attorneys' fees Motion is **GRANTED in part and DENIED in part** (Doc. 84). The Motion to Seal is also **GRANTED** (Doc. 86).

## I. BACKGROUND

Elsewhere, the Court described the allegations giving rise to this action. (Doc. 65 at 1–2). Relevant here, several months ago Battelle filed a motion to compel Defendant theITSupportCenter ("ITSC") to respond to certain discovery requests. (Doc. 59). The Court granted the motion in part, ordering ITSC to respond to some requests while directing the parties to confer as to scope on others. (Doc. 65). Resolution of residual issues required another Court order. (Doc. 79). There, the Court found Battelle was entitled to some documents ITSC had not yet turned over. (*Id.*). Still, the Court concluded other documents Battelle sought fell outside the scope of their original discovery requests as well as the Court's order on the motion to compel. (*Id.*).

In connection with their motion to compel, Battelle requested reasonable attorneys' fees. (Doc. 59 at 11). The Court permitted Battelle to brief the issue and specifically reminded it "of its obligation to provide the Court with 'evidence supporting the hours worked and rates claimed' and to show the requested fee award is 'reasonable.'" (Doc. 79 at 3 (citation omitted)). In Battelle's first attempt to justify fees, the Court observed that it had not provided key documentation that spoke about whether the hours billed were reasonable. (Doc. 83). Therefore, the Court denied Battelle's fees request without prejudice and permitted it to refile the motion with proper documentation. (*Id.*). Battelle complied but redacted some of the information in the revived motion from the public docket. (Doc. 84). The Court warned Battelle that it would order that information revealed unless Battelle justified the redactions under the applicable law. (Doc. 85). Battelle subsequently filed a Motion to Seal. (Doc. 86).

The sealing issue and the fees issue are ready for consideration. (Docs. 81, 82, 84, 86, 87).

## II. STANDARD

Battelle's motions implicate different areas of law. First, a party seeking to seal or redact information from the public docket has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing

reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

Next, Federal Rule of Civil Procedure 37 allows for a motion to compel discovery when a party fails to answer an interrogatory submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). If the Court grants a motion to compel, Rule 37 provides "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court should not order payment, however, if the moving party did not attempt in good faith to obtain the discovery before filing the motion; if the opposing party's nondisclosure or non-response was substantially justified; or if other circumstances make an award of expenses unjust. *Id.* Similarly, if the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

To determine what is a reasonable fee, courts typically employ the "lodestar method," which involves multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220–221 (W.D. Mich. 2018) (collecting cases). "While there is a strong presumption that this lodestar figure represents a reasonable fee . . . the movant bears the burden of providing that the number of hours expended and the rates claimed were reasonable." *Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-cv-3305,

2021 WL 2934711, at *1 (S.D. Ohio July 13, 2021) (internal quotations and quotation marks omitted); *see also Gutter Topper, Ltd. v. Sigman & Sigman Gutters, Inc.*, No. C-1-05-149, 2006 WL 1308226, at *1 (S.D. Ohio May 11, 2006) (quoting *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (stating the moving party must "submit evidence supporting the hours worked and rates claimed"); *see also Perry v. AutoZone Stores*, *Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015).

Ultimately, the reasonableness of an award of fees under Rule 37 is soundly within the Court's discretion. *See PepsiCo v. Cent. Inv. Corp., Inc.*, 216 F.R.D. 418 (S.D. Ohio 2002) (noting that awards of fees under Rule 37 are reviewed for abuse of discretion); *Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013) (holding that courts have discretion under Rule 37 in awarding sanctions and determining the appropriate amount).

## III. DISCUSSION

The Court first considers Battelle's Motion to Seal before turning to its fees request. The Court also addresses a tangential issue about a deposition.

### A. Motion to Seal

Battelle asks to file an exhibit to its attorneys' fees motion in redacted form. (Doc. 86). Specifically, it wishes to keep narrative portions of its counsel's billing records shielded from public view. (*Id.*). The Court has reviewed the complete document *in camera*.

Battelle asserts that there is a compelling interest in redacting the billing narratives because they contain information protected by the attorney-client privilege. (*Id.*). While *Shane Group* expressly recognizes this as a compelling interest in sealing, *Shane Grp.*, 825 F.3d at 305, Battelle must still carry the burden of establishing the attorney-client privilege applies to the information it wishes to keep shielded. *See Corbis Corp. v. Starr*, 719 F. Supp. 2d 843, 846 (N.D. Ohio 2010) (citing *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999)).

"Typically, the attorney-client privilege does not extend to billing records and expense reports." *Huntington Nat'l Bank v. Secure Assets, Inc.*, No. 2:25-cv-689, 2026 WL 991367, at *2 (S.D. Ohio Apr. 13, 2026) (citations omitted). "Invoices, however, that 'reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided are privileged.'" *Id.* (citations omitted). Upon review, the Court finds the records at issue meet this exception. And the compelling interest in sealing the billing narratives is not outweighed by the public's right to know that information. Importantly, the public will be able to understand the parties' briefing and this Order without it. Finally, the redactions are narrowly tailored. The majority of the billing record is available for public review, with only the portions protected by attorney-client privilege shielded. For these reasons, Battelle's Motion to Seal (Doc. 86) is **GRANTED**.

**B. Motion for Attorneys' Fees**

Next, the Court considers Battelle's attorneys' fees request. (Doc. 84). In total, Battelle seeks $16,425.00 in attorneys' fees. (Doc. 81 at 2).[1] Battelle explains that $8,225 of this number accounts for the 19 hours attorneys spent "pursuing the Motion to Compel, as well [as] briefing the Motion to Compel." (*Id.*; *see also* Doc. 84-2). And $8,200 of the total accounts for 16.1 hours of Battelle's counsel's "ongoing efforts to enforce the Court's Order granting the Motion to Compel." (Doc. 81 at 2; *see also* Doc. 84-2). Battelle further asserts three attorneys worked on this matter: Christopher W. Tackett, who bills at $520.00 per hour; Matthew R. Carpenter, who bills at $350.00 per hour; and Breanna N. Tolbert, who bills at $305 per hour. (Doc. 81 at 2; Doc. 81-1 at 2–3).

[1] To the extent Battelle's original motion contains information that is not repeated in the revived motion but is still relevant, the Court will consider the original motion. The Court does the same for ITSC's original response.

*1. Reasonable Rate Determination*

Beginning with the rates charged, Plaintiff asserts that rates of $520.00 per hour for a partner with 15 years of experience; $350 per hour for an associate with 3 years of experience; and $305 for an associate with 2 years of experience are at or below the market rate in this District. (Doc. 84 at 2–4; *see also* Doc. 81-1 at 2). ITSC suggests these rates are $150–$200 more than average according to several leading publications but does not provide more comprehensive analysis. (Doc. 82 at 3; *see also* Doc. 87).

In determining a reasonable hourly rate, courts "assess the prevailing market rate in the relevant community." S*mith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (citation modified); *Davita Inc. v. Marietta Mem'l Hosp. Emp. Health Benefit Plan*, No. 2:18-CV-1739, 2024 WL 4783910, at *2 (S.D. Ohio Nov. 14, 2024). On review, the Court finds the rates requested are reasonable when compared to rates approved for partners and associates with analogous experience in the Southern District of Ohio. *See, e.g.*, *Davita Inc.*, 2024 WL 4783910, at *4 (approving a $725 per hour partner rate for a partners with over 20 years of experience and a $480 per hour associate rate for an associate with six years of experience); *JJ Rods LLC v. Horchen*, No. 2:23-cv-3052, 2024 WL 4134852 (S.D. Ohio Sept. 10, 2024) (approving an hourly rate of $620 for a partner); *QFS Transp., LLC v Murphy*, No. 1:21-cv-770, 2023 WL 2785589, at *3 (S.D. Ohio Jan. 19, 2023) (noting this Court refers to the Rubin Committee rates to measure reasonableness and those rates calculate $600 per hour for senior partners; $525 per hour for intermediate partners; and $385 for senior associates).

*2. Reasonable Hours Determination*

The amount of time Battelle claims is more hotly contested. In awarding attorneys' fees, the Court must determine whether the hours billed are reasonable. Concerning the reasonableness

of hours expended, Battelle's attorneys "should be the first gatekeeper[s] . . . exercising the same billing judgment [they] would with one's client." *Hines v. DeWitt*, No. 2:13-cv-1058, 2016 WL 2342014, at *4 (S.D. Ohio May 4, 2016), *aff'd sub nom. Hines v. City of Columbus, Ohio*, 676 F. App'x 546 (6th Cir. 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Court's focus is on "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter v. Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). Excessive, redundant, or otherwise unnecessary hours will not be counted. *Hensley*, 461 U.S. at 434. To this end, a "key requirement" for an attorney fees award is that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended" on the discovery issue. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (citation omitted). In the end, after examining the documentation offered, the Court must exclude hours Battelle did not reasonably expend. *See Hines*, 2016 WL 2342014, at *4.

As noted above, Battelle represents its counsel spent 35.1 hours from May 30 through August 31 on this matter. (Doc. 84; *see also* Doc. 81). This includes 19 hours related to "pursuing" the Motion to Compel and 16.1 hours "enforcing" the Court's Order compelling ITSC to produce documents. (Doc. 84 at 1). ITSC generally asserts that Battelle should not be able to recover for any pre-motion discovery activity or post-order actions relating to "enforcement." (Doc. 87 at 3–4). In its view, Battelle made the "voluntary decision to continue litigating issues the Court already addressed." (*Id.*). ITSC also submits that Battelle spent too much time drafting. (*Id.* at 4–5).

Beginning with pre-motion discovery activity, Battelle notes about 5 hours of work prior to drafting the motion to compel. (Doc. 84-2). Upon review of Battelle's narrative descriptions,

these hours were spent preparing correspondence to ITSC and the Court about the deficient discovery responses at issue. Additionally, some of the time was dedicated to complying with the Court's order to confer with ITSC on the dispute and provide the Court with an update. (*See* Doc. 56). This Court has previously found fees for extrajudicial efforts to resolve a discovery dispute before filing a motion to compel fair game. *QFS Transportation, LLC v. Knight Express, Inc.*, No. 1:21-CV-92, 2025 WL 5239363, at *4 (S.D. Ohio Oct. 16, 2025) (noting a split in authority, but ultimately coming down on the side of permitting recovery). This is because "extrajudicial efforts are required under both Fed. R. Civ. P. 37(a) and S.D. Ohio Civ. R. 37.1 and consistent with Rule 37(a)'s underlying purpose of encouraging resolution of discovery disputes without unnecessary court intervention." *Id.* So, the Court will not preclude reimbursement for pre-motion activities simply because of their timing. And here, the Court finds the time spent on these efforts reasonable given the overall history of the discovery dispute.

Similarly, the Court finds the approximately 13 hours spend researching, drafting, and reviewing the motion to compel and reply in support reasonable given the number and type of discovery requests at issue. (Doc. 84-2). While the 8 hours spent drafting a 4-page reply might seem questionable at first glance, the reply contains legal analysis of intricate issues like liquidated damages and mitigation. (Doc. 64). Importantly, ITSC does not point to any specific entries that are duplicative or inherently unreasonable. (*See* Doc. 87 at 4–5). Therefore, the Court concludes that the 19 hours related to "pursuing" the Motion to Compel—which encompass $8,225 of the total amount sought—are reasonable.

Battelle's claim to time spent on "enforcing" the Court's order on the motion to compel is a different story. As noted above, Battelle says approximately 16 hours were expended by counsel on post-order activities like conferring with ITSC's counsel about their discovery compliance or

non-compliance and on preparing joint status reports ordered by the Court. (Doc. 84 at 4). Battelle leans heavily on the assertion that ITSC's actions in complying with judicial orders were "unreasonable." (*Id.* (noting ITSC failed to timely cooperate and did not produce documents in the correct format)). It also notes the Court was required to order ITSC to produce certain financial documents it should have turned over already. (Doc. 79). But Battelle provides no authority to support that it is entitled to attorneys' fees for this type of post-motion work under Rule 37. Maybe for good reason, as these expenses were not incurred in "making the motion [to compel]" or "for the motion [to compel]." Fed. R. Civ. P. 37(a)(5)(A), (C); *cf. United States v. Bailey*, No. 1:11-CV-059, 2012 WL 700289, at *3 (S.D. Ohio Mar. 1, 2012) ("Plaintiff is not entitled to recover its attorney fees for the three hours of time counsel spent questioning defendant at his deposition as such fees were not 'incurred in making the motion [to compel],' as required under Rule 37(a)(5)(A)."). Though Battelle may begrudge the post-order conferral efforts required by the Court, the associated expenses are simply the cost of litigation. For these reasons, Court declines to consider these hours pertinent to the fee award. In other words, the Court will not award Battelle any of the $8,200 related to "enforcing" the Court's Order on the motion to compel.

*3. Fee Apportionment*

Having found 19 hours of work for a total of $8,225 reasonable, the Court next considers whether Battelle should be awarded that entire amount. It bears repeating in granting Battelle's motion to compel in part, the Court agreed with Battelle that the documents were generally relevant and ordered ITSC fully comply with certain requests. (*See generally* Doc. 65). But it also ordered the parties to confer as to scope on Battelle's requests concerning financial information and employee headcounts. (*See generally* Doc. 65). For the latter two, the Court expressly credited ITSC's arguments that Battelle's requests were potentially too broad or overly burdensome. (*Id.*

at 7, 10). The parties submitted several follow-up joint status reports about ITSC's subsequent productions. (Docs. 66, 68, 70, 72, 75). And then when the parties were unable to agree as to scope of certain financial document requests, the Court found both sides' positions justified as to different categories of documents. (Doc. 79).

Courts have wide discretion when a motion to compel is granted only in part. As noted above, in those circumstances, courts "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *Wright v. State Farm Fire and Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May 9, 2013). In doing so, courts must consider factors such as willfulness, bad faith, and prejudice, along with whether the opposing party's initial response to the discovery request was reasonably justified. *See Safelite Grp., Inc. v. Lockridge*, No. 2:21-cv-04558, 2023 WL 2692344, at *5 (S.D. Ohio Mar. 29, 2023) (citing *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, No. 1:17-cv-399, 2019 WL 1760175, at *2 (S.D. Ohio Apr. 22, 2019), *report and recommendation adopted*, No. 1:17-cv-399, 2019 WL 2124471 (S.D. Ohio May 15, 2019)); *Advantage Indus. Sys., LLC v. Aleris Rolled Products, Inc.*, No. 4:18-cv-00113, 2020 WL 4432415, at *19 (W.D. Ky. July 31, 2020). Further, "[a]n award of sanctions under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel 'in approximate equal degree.'" *Canter*, 2019 WL 1760175, at *2 (quoting *Wright*, 2013 WL 1945094, at *6).

In considering the relevant factors, the Court finds that some award in Battelle's favor is warranted here. To begin, whether ITSC was reasonably justified in initially opposing Battelle's discovery requests is a mixed bag. Battelle filed its motion to compel ITSC to fully respond to about ten discovery requests. (Doc. 59). ITSC opposed—both in its objections to the requests and in its response to the motion—on relevancy and proportionality grounds. (Doc. 63). However,

ITSC was not reasonably justified in opposing the relevancy of the requests. The Court found every discovery request sought relevant information, and it was not a close call. (*See* Doc. 65). That said, scope is a different matter. Because two categories of information Battelle sought were expansive or potentially required ITSC to expend vast resources, the Court required the parties to do more work. (*See* Doc. 65). And as to the financial documents requests, the Court noted the requests were broad, ordered the parties to confer, and then subsequently found Battelle sought too much. (*Id.*; *see also Doc*. 79). In other words, the Court found ITSC's pushback not inherently outlandish and even defensible. Consequently, the Court concludes ITSC was reasonably justified in opposing the scope of some of Battelle's discovery requests. At the same time though, the parties' status reports indicate Battelle received most of what it sought in the motion to compel. (*See, e.g.,* Doc. 77 at 2). Rounding out the analysis, the Court notes this discovery dispute was prejudicial to Battelle—it required the Court to delay the dispositive motions deadline by almost four months. But there is no indication in the record that ITSC's actions were taken in bad faith.

For all these reasons, the Court cannot say that Battelle is a clear winner. But neither did the parties prevail in approximate equal degree. In the end, in ruling on a motion for fees, the Court's duty is "to do rough justice, not to achieve auditing perfection." *Larsen Graphics, Inc. v. XPO Logistics Freight, Inc.*, No. 1:23-cv-10642, 2024 WL 4579638, at *4 (E.D. Mich. Oct. 25, 2024) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). After considering Battelle's billing records and the circumstances surrounding its motion to compel, the Court imposes an award of fees for 65% of the fees claimed for work completed pursuing the motion to compel. ITSC is **ORDERED** to pay Battelle $5,346.25 within thirty (30) days of the date of this Order.

### C. Jeffery Becker's Deposition

Finally, tacked onto the end of its fees request, Battelle asks the Court to order ITSC to present a corporate deponent to speak to document productions and to order ITSC to bear the costs of the deposition. (Doc. 84 at 5). The Court previously permitted Battelle to conduct a virtual, 90-minute deposition of an ITSC corporate representative. (Doc. 79 at 3). The deposition was to cover the financial documents ITSC produced following the Court's order on Battelle's motion to compel. (*Id.*).

Now, Battelle says the witness, Jeffery Becker, was obstructive during the deposition. It states Mr. Becker arrived late, was argumentative, and left the deposition "while a key question from Battelle was open and unanswered." (Doc. 84 at 5). Battelle asserts that, because of all this, ITSC has not complied with the deposition permitted by the Court. (*Id.* at 6). In response, ITSC contends that Battelle selectively omits that ITSC was initially unable to confirm a time with Battelle for the deposition due to counsel's inattention to the matter, and the parties subsequently agreed to a 45-minute deposition with a "hard stop" time because Mr. Becker had an unavoidable medical appointment. (Doc. 87 at 1–2, 6–16). Additionally, ITSC submits much of the time "wasted" during the deposition was due to Battelle's counsel's mathematical error. (*Id.*).

At base, Battelle's fees motion is not the proper place to litigate this apparent discovery dispute, especially as the Court does not have the deposition transcript before it. If Battelle wishes to re-open Mr. Becker's deposition, it must ask to do so in a separate motion with legal support. Battelle is **CAUTIONED** that the Court will not extend the dispositive motions deadline, as it has previously warned. (Doc. 79 at 3).

## IV. CONCLUSION

For the foregoing reasons, Battelle's Motion for Attorneys' Fees is **GRANTED in part and DENIED in part**. (Doc. 84). ITSC is **ORDERED** to pay Battelle $5,346.25 within thirty (30) days of the date of this Order. The Court also **GRANTS** Battelle's Motion to Seal. (Doc. 86).

IT IS SO ORDERED.

Date: October 28, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE